465 A.2d 33

**CITY OF PHILADELPHIA**

v.

**Margaret TAYLOR and Rita Jackson.**

**Appeal of Rita JACKSON.**

Superior Court of Pennsylvania.

Argued March 24, 1983.

Filed Aug. 26, 1983.

---

436

David E. Shapiro, Philadelphia, for appellant.

Henry Jacobson, Philadelphia, for appellees.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This is an appeal from the Order of December 17, 1979, which compelled appellant, Rita Jackson, to accept the sum of money tendered by appellee, Margaret Taylor, for the redemption of the property situate at 2603–2617 Poplar Street, Philadelphia, Pennsylvania, which had been sold by the Sheriff for the non-payment of real estate taxes on April 3, 1978.

The facts of the case are as follows:

On December 2, 1974, a municipal lien for unpaid real estate taxes in the amount of eight hundred seventy-one

dollars and forty-eight cents ($871.48) was recorded by the City of Philadelphia in the Prothonotary's Office, as a lien against the property owned by appellee, Margaret Taylor, at 2603–2617 Poplar Street, Philadelphia. Thereafter, on April 3, 1978, the property was exposed for sale by the Sheriff of Philadelphia County and purchased by appellant. A deed by the Sheriff conveying the premises to appellant was duly acknowledged on April 10, 1978.

On March 12, 1979, appellee filed a Rule to Show Cause why she should not be permitted to redeem the property in question. Judge Gelfand, of the Court of Common Pleas of Philadelphia County, granted appellee's Rule to Show Cause, and a hearing was set for May 7, 1979. Appellant was served with a copy of appellee's Rule and was given notice of the hearing date.

On May 7, 1979, Judge Gelfand conducted the hearing, *ex parte,* due to appellant's absence and appellee was given until July 7, 1979, in which to complete the acts necessary to redeem the property.

On July 5, 1979, appellee filed another Petition to Extend, requesting an additional twenty days in which to redeem the property. Appellant filed an Answer to the Petition, requesting the following relief: 1) that the Order of May 7, 1979, permitting appellee to redeem her property be rescinded; 2) denial of appellee's request for extension of time; and 3) termination of appellee's right of redemption.

On July 18, 1979, Judge Gelfand granted appellee's Rule to Show Cause and scheduled a hearing for September 10, 1979, which was thereafter continued to December 3, 1979.

Following argument, the Honorable Stanley M. Greenberg granted appellee's Petition to Extend and entered an Order granting appellee until December 27, 1979, to redeem the property.

The issue in the present case evolves from the language in 53 P.S. § 7293(a), which provides as follows:

§ 7293. Redemption

"(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien

or estate has been discharged thereby, may except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within the year, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid; but in each case the right must be exercised within the year.

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

(c) Uninhabited residential property sold to a city of the first class at a sale under a tax or a municipal claim may be redeemed within three months from the date of the acknowledgment of the sheriff's deed therefor subject to

compliance with the other requirements of this act with respect to redemption."

Appellant, in the present appeal, raises the issue as to whether the one year redemption period in 53 P.S. § 7293 is mandatory or discretionary. If the redemption period is mandatory, then appellant contends that the lower court erred in granting extensions to July 7, 1979, and December 27, 1979, well after the April 10, 1979 expiration of the redemption deadline.

■ It is to be noted that this appears to be a question of first impression regarding the time restriction of 53 P.S. § 7293. Thus, in interpreting this statute, our legislature has set forth various guidelines for ascertaining its correct meaning. First, under 1 Pa.C.S.A. § 1928(c), this redemption statute is to be liberally construed so as to effect its object and to promote justice. Also, another relevant consideration in ascertaining the meaning is that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

■ In the present case, there is no question that the initial petition was timely filed since 53 P.S. § 7293(b) provides that the correct method of instituting a redemption proceeding is by petition. Here, appellee's petition was filed on March 12, 1979, well before the April 10, 1979, statutory deadline. Therefore, we can not agree with appellant's position that, under § 7293, all the acts of redemption must be completed within one year from the date of the acknowledgment of the sheriff's deed. When a petition is filed and a rule to show cause is granted, a hearing is to be held as expeditiously as possible so as to determine whether the owner of the property sold at a sheriff's sale has met the requirements of redemption. Thus, the court's holding of a hearing on May 7, 1979, and the subsequent July 7, 1979, as the last day for tendering payment for redemption, was within the dictates of § 7293.

■ However, the grants of two additional extensions to July 17, 1979, and thereafter to December 27, 1979, raises a

much more difficult question which due to the incompleteness of the record, we are unable to address. Section 7293 accords unto the owner a period of one year from the date of the acknowledgment of the Sheriff's deed to redeem the property.

The objective of the one year redemption is clear. The purchaser of the property would not be able to obtain a clear title if the one year limitation for redemption were not enforced. In the present case, the lower court cited to appellant's alleged failure to supply the necessary financial information under 53 P.S. § 7293(a), thus preventing appellee from completing the acts necessary for redemption. See page 2 and 3 of Judge Greenberg's opinion. If this is true, appellant cannot now object to the delay which she, herself caused. However, nothing appears of record to substantiate this allegation.

Therefore, we must remand to the court below with instructions to conduct a hearing in order to ascertain whether appellee was prevented from complying with the requirements of the Redemption Act by conduct of appellant or appellant's counsel. Jurisdiction is retained.

POPOVICH, J., concurs in the result.