473 A.2d 1386

## CITY OF PHILADELPHIA

v.

## Margaret TAYLOR and Rita Jackson.

### Appeal of Rita JACKSON.

Superior Court of Pennsylvania.

Argued March 24, 1983.

Filed March 30, 1984.

---

354

David E. Shapiro, Philadelphia, for appellant.

Henry Jacobson, Philadelphia, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This is the second opinion filed in this appeal; originally we remanded the matter to the lower court for the purpose of perfecting the record. See *City of Philadelphia v. Taylor*, 318 Pa.Super. 435, 465 A.2d 33 (1983).

The facts of the case are as follows:

On December 2, 1974, a municipal lien for unpaid real estate taxes in the amount of eight hundred seventy-one dollars and forty-eight cents ($871.48) was recorded by the City of Philadelphia in the Prothonotary's Office, against the property owned by appellee, Margaret Taylor, at 2603–2617 Poplar Street, Philadelphia. Thereafter, on April 3, 1978, the property was exposed for sale by the Sheriff of Philadelphia County and purchased by appellant. A deed by the Sheriff conveying the premises to appellant was duly acknowledged on April 10, 1978.

On March 12, 1979, appellee filed a Rule to Show Cause why she should not be permitted to redeem the property in question. Judge Gelfand, of the Court of Common Pleas of Philadelphia County, granted appellee's Rule to Show Cause, and a hearing was set for May 7, 1979. Appellant was served with a copy of appellee's Rule and was given notice of the hearing date.

On May 7, 1979, Judge Gelfand conducted the hearing *ex parte* due to appellant's absence and appellee was given until July 7, 1979, in which to complete the acts necessary to redeem the property.

On July 5, 1979, appellee filed another Petition to Extend, requesting an additional twenty days in which to redeem the property. Appellant filed an Answer to the Petition, requesting the following relief: 1) that the Order of May 7, 1979, permitting appellee to redeem her property be rescinded; 2) denial of appellee's request for extension of time; and 3) termination of appellee's right of redemption.

On July 18, 1979, Judge Gelfand granted appellee's Rule to Show Cause and scheduled a hearing for September 10, 1979, which was thereafter continued to December 3, 1979.

Following argument, the Honorable Stanley M. Greenberg granted appellee's Petition to Extend and entered an Order granting appellee until December 27, 1979, to redeem the property.

From this order, appellant filed the present appeal. On August 26, 1983, we filed an opinion which addressed the issue as to whether the lower court erred in granting two extensions to the appellee, one to July 7, 1979, and the other to December 27, 1979, well after the April 10, 1979 expiration of the redemption deadline. We first analyzed the law as it relates to this subject, specifically 53 P.S. § 7293(a), which provides:

§ 7293. Redemption

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within the year, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each

case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid; but in each case the right must be exercised within the year.

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

(c) Uninhabited residential property sold to a city of the first class at a sale under a tax or a municipal claim may be redeemed within three months from the date of the acknowledgment of the sheriff's deed therefor subject to compliance with the other requirements of this act with respect to redemption.

Appellant specifically contended that the one year redemption period in 53 P.S. § 7923 was mandatory and not discretionary, thus the lower court erred in granting the two extensions previously mentioned after the April 10, 1979, expiration of the redemption deadline. In continuing our analysis of this issue, we determined that this issue appeared to be a question of first impression regarding the time restriction of 53 P.S. § 7293. We then observed that under 1 Pa.C.S.A. § 1928(c), this redemption statute was to be liberally construed so as to effect its object and to promote justice. Finally, in ascertaining the meaning of this redemption statute, we noted that "when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

After applying these statutory interpretation requirements, we held that "the objective of the one year redemption is clear, this is, the purchaser of the property would not be able to obtain a clear title if the one year limitation for redemption were not enforced." *City of Philadelphia v.*

*Taylor,* supra, 318 Pa.Superior Ct. at 440, 465 A.2d at 35. We observed that the lower court cited to appellant's alleged failure to supply the necessary financial information under 53 P.S. § 7293(a), thus preventing appellee from completing the acts necessary for redemption. Thus, we noted that "if this is true, appellant cannot now object to the delay which she, herself caused." 318 Pa.Superior Ct. at 440, 465 A.2d at 35. However, nothing appeared of record to substantiate this allegation. *Id.*

We therefore remanded, while retaining jurisdiction, to the court below for a hearing in order to ascertain whether appellee was prevented from complying with the requirements of the Redemption Act by conduct of appellant or appellant's counsel.

Pursuant to our order, the lower court held a hearing on January 13, 1984. The only witness presented at the hearing was the appellee herself, Margaret Taylor. However, before Mrs. Taylor testified, both counsel offered an agreed statement of facts and appellee's counsel entered a series of letters which he had sent to appellant and appellant's former and present trial counsel on January 12, 1979, February 22, 1979, and December 19, 1979, requesting the specific amount that would be necessary to redeem the property. These letters were sent certified mail and the receipts were signed.

Mrs. Taylor testified that in January, 1979, some three months prior to the redemption expiration, she directed her trial counsel to write the afore-mentioned letters and also to file her petition to redeem.

While Mrs. Taylor did not remember a specific time when she garnered the $9,000.00, it was stated that neither appellant nor her counsel would answer any requests made of them to disclose the redemption amount applicable under 53 P.S. § 7293(a). In that appellant was the major contributor to the delay in the redemption process, we hold that she cannot now object to this delay.

Order affirmed.

POPOVICH, J., concurs in the result.