535 A.2d 110

**CITY OF PHILADELPHIA**

v.

**King Kai CHIN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1987.

Filed Dec. 9, 1987.

Louis Perez, Philadelphia, for appellant.

Susan B. Eiseman, Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from the trial court's denial of appellant's petition to compel satisfaction of redemption. The facts of this case are essentially undisputed. King Kai Chin, appellant herein, failed to pay municipal taxes on real estate which he owned at 216 North Twelfth Street, Philadelphia. As a result, the property was sold at sheriff's sale on April 4, 1983. The successful bidder thereafter assigned his right to purchase the real estate to S.R. Friends, a general partnership and appellee herein.[1] S.R. Friends paid the purchase price and took title to real estate by sheriff's deed. Chin filed a timely petition to redeem the property, and redemption was allowed by court order dated August 30, 1983. Dispute then arose between the parties as to the appropriate amount of money which Chin was required to pay to redeem the property. Unsatisfied with the sum tendered by Chin to redeem, S.R. Friends filed a petition to set aside the order of redemption. When the trial court dismissed this petition, S.R. Friends appealed to this court.

In *City of Philadelphia v. King Kai Chin*, 354 Pa.Super. 115, 511 A.2d 214 (1986), we reversed the trial court, finding that S.R. Friends was entitled, pursuant to 53 P.S. § 7293(a), to be reimbursed for certain expenses it incurred while it was in possession of the property. We remanded to permit the trial court to make findings of fact and to determine the necessary expenses actually paid by S.R. Friends, less rents collected, and all other amounts, in addition to the amount bid at the sheriff's sale, for which S.R. Friends was entitled to be reimbursed. *Id.*, 354 Pa.Superior Ct. at 119–120, 511 A.2d at 216–17. The trial court, upon remand, set a hearing date of July 29, 1986. Before the hearing date, Chin and S.R. Friends were able to agree that Chin would need to pay the sum of $51,902.28 to redeem the property. In accordance with the parties' agreement and stipulation, the trial court entered an Order that this payment be made by September 2, 1986. The trial

1. The City of Philadelphia is also an appellee and has filed a brief in this appeal.

court thereafter granted an extension of time until September 15, 1986, for Chin to make payment of the agreed upon sum.

On September 15, 1986, Mr. Thomas M. Jackal, attorney for S.R. Friends, received a certified check from Chin which was drawn on the National Bank of North America, New York, N.Y. The check was payable to Mr. Chin and his attorney as follows: "Samael [sic] Pepper and King Kai Chin."[2] The check was payable in the amount of "5,5,000. —" (crossed off) and "55,000.—" (written above). Mr. Chin's signature was written on the face of the check above this correction as well as on the signature line. On the line where the dollar amount of the check is to be entered in longhand, "fifty five thousand" dollars was clearly written. The check was stamped as "certified" by the National Bank of North America on September 15, 1986, and was signed by the bank employee who presumably had the authority to certify checks.[3] Mr. Chin and his attorney, Mr. Samuel Pepper, had endorsed the back of the check below the following typed statement: "Pay to the order of Thomas M. Jackal, Esquire, in connection with *City v. Chin*, March Term, 1980, No. 55466 TLD" (R. at 69).

On September 16, 1986, attorney for S.R. Friends presented this check to Provident National Bank in Philadelphia, which refused to accept the check because the amount appeared to have been altered. (R. at 25). On September 17, 1986, Chin delivered a second certified check for $55,000 payable to the order of Jerome J. Verlin, who was also an attorney for S.R. Friends. The tender of the second check was refused on the grounds that the tender was untimely because it was beyond the date set by the trial court for redemption. Chin then filed a petition to compel satisfaction of redemption and to compel transfer and recording of

2. We note that the correct spelling of Mr. Pepper's full name is: Samuel Pepper.

3. The appellees have not contended that the certified check dated September 15, 1986, was fraudulent. Specifically, the appellees have not claimed, and our review of the record does not disclose, that the signatures on the check were not valid or were unauthorized.

deed. (R. 32). Following its review of this petition and the response thereto, the trial court denied Chin's petition on November 13, 1986. In its opinion, the trial court concluded as follows:

> The only issue presented to this court is whether the defendant complied with this court's order of September 2, 1986, by making timely and proper payment on September 15, 1986. In reviewing the facts of defendant's petition to compel satisfaction of redemption and the answer by the owner, S.R. Friends, and upon this court's review of the documents in question, this court is convinced that the defendant did not comply with this court's earlier order and did not make timely and proper payment to S.R. Friends. (Opinion of Tr. Court at 3).

The sole issue that we must determine is whether the trial court abused its discretion in denying Chin's petition to compel satisfaction of redemption. We find that it did and therefore we reverse.

53 P.S. § 7293(a) granted Chin the right to redeem his property after it was sold at sheriff's sale at any time "within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount of the bid at such sale ·..." and payment of certain charges and necessary expenses actually paid by S.R. Friends with regard to the property, less rents or other income from the property, plus interest. *Id.* In *City of Philadelphia v. Taylor*, 318 Pa.Super. 435, 465 A.2d 33 (1983), appeal decided 326 Pa.Super. 353, 473 A.2d 1386 (1984), we faced an issue of first impression as to whether the one year redemption period in 53 P.S. § 7293(a) is mandatory or discretionary. In *Taylor*, the one year redemption period had expired on April 10, 1979, but the trial court had granted the appellee several extensions of time beyond this date in which to pay the redemption amount. We noted in *Taylor*, *supra*, 318 Pa.Superior Ct. at 439, 465 A.2d at 35, that 53 P.S. § 7293(b) provides that the correct method of instituting a redemption proceeding is by petition:

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

Thus, we held in that case that the time restriction of 53 P.S. § 7293(a) does not mandate that *all* acts of redemption, including final payment of the redemption money, must be completed within one year from the date of the acknowledgement of the sheriff's deed. On the contrary, we interpreted 53 P.S. § 7293 as requiring that the redemptor *begin* the redemption process within the one year period by filing the initial petition to redeem in the proper court, setting forth the facts and his readiness to redeem. *Taylor, supra*, 318 Pa.Superior Ct. at 439, 465 A.2d at 35. In *Taylor*, the appellee had filed the initial petition to redeem well before the one year statutory deadline of April 10, 1979. Thus, we found that the dictates of § 7293 had been met even though the court held the hearing required by 53 P.S. § 7293(b) on May 7, 1979, *after* the one year period had expired, and even though the court set July 7, 1979, as the last day for tendering payment for redemption. *Id.*

In *Taylor*, we were guided by two major principles in our interpretation of 53 P.S. § 7293. First, we recognized that under 1 Pa.C.S. § 1928(c), "this redemption statute is to be liberally construed so as to effect its object and to promote justice." Indeed, as early as 1921, our supreme court recognized that "the privilege of redemption has always been liberally construed in Pennsylvania under the various acts of assembly regulating tax sales." *City of Philadelphia v. Schaefer*, 269 Pa. 550, 552–53, 112 A. 864, 864–65 (1921). However, we have recognized a competing principle, namely, that the objective of the one year redemption period is to allow the purchaser of the property to obtain a

clear title. *Taylor, supra.* There can be no question that finality is an important objective in any redemption process.

In *Taylor,* we reversed and remanded in order to allow the trial court to determine the facts underlying the additional extensions of time granted to the appellee (to July 17, 1979, and thereafter to December 27, 1979) in which to pay the redemption money and, therefore, to complete the redemption process. In remanding we noted that if the extensions of time were caused by the actions of *appellant* in refusing to disclose to the appellee the redemption amount which the appellee would have to pay to redeem the property, then appellant could not object to the delay in the redemption process that she herself had caused. *Taylor, supra,* 318 Pa.Superior Ct. at 440, 465 A.2d at 35. Upon rehearing, the trial court found that the appellant was the major contributor to the delay in the redemption process and ordered appellant to accept the sum of money tendered by the appellee. We affirmed the decision of the trial court. *See City of Philadelphia v. Taylor,* 326 Pa.Super. 353, 473 A.2d 1386 (1984).

The appellees would have us find that *City of Philadelphia v. Taylor, supra* has no application to the case at bar because S.R. Friends did not prevent Chin from tendering payment on September 15, 1986. We disagree. This is too narrow a reading of what we said in *Taylor.* In the instant case, Chin fully complied with the statutory method for instituting his redemption proceeding by filing his initial petition to redeem the property on May 10, 1983, only one day after the sheriff's deed was prepared. Thus, Chin was well within the one year redemption period of 53 P.S. § 7293(a). Unfortunately, the redemption process between Chin and S.R. Friends quickly became a complicated one. As noted herein, their dispute concerning the correct redemption amount under 53 P.S. § 7293(a) eventually led to an appeal to this court in 1985. We decided in June of 1986 to reverse and remand the case to the trial court because we concluded that the trial court erred in determining the redemption amount that Chin was required to pay to regain

his property. It was then that the parties agreed to payment by Chin of $51,902.28 to redeem. On September 15, 1986, Chin delivered the certified check which was refused by the Provident National Bank in Philadelphia.

■ We find that the objective of finality underlying the one year redemption period, to allow the purchaser of property at a tax sale to obtain title, cannot be our central guiding principle in the instant case because this redemption process had already been delayed over three years by the time these parties agreed to the $51,902.28 payment. Our review of the record reveals that this delay was the result of a good faith dispute between Chin and S.R. Friends concerning what 53 P.S. § 7293(a) required Chin to pay to redeem. As the appellant in *Taylor* could not be heard to complain of the delay in the redemption process which she herself had caused, appellee S.R. Friends will not be heard to use the delay that has occurred in the instant case against Chin. In determining whether the trial court abused its discretion in denying Chin's petition to compel satisfaction of redemption, we rely primarily upon our recognition in *Taylor, supra* that 53 P.S. § 7293 is to be liberally construed so as to effect its object and to promote justice.

■ The trial court ordered Chin to make "payment" to S.R. Friends of $51,902.28 on September 15, 1986. (R. at 19).[4] 53 P.S. § 7293(a) requires "payment" by the redemptor of a sum of money to redeem his property but "payment" is not defined. We find that Chin complied with the order of the trial court and the redemption statute by delivery of the first certified check on September 15, 1986. Even though a correction had been made in the numerical amount of the check, "fifty five thousand" dollars was clearly written in longhand as the amount of the check. Further, above the crossed out "5,5,000.—", "55,000.—" had

---

4. We note that the trial court agreed to extend the time for payment of the redemption amount to September 15, 1986 by its order dated September 2, 1986. S.R. Friends has not contended that the trial court erred in granting Chin this extension of time in which to pay.

been clearly written. The appropriate signatures of Mr. Chin and his attorney had been placed on the back of the check under a typed statement which ordered that payment be made to the attorney for S.R. Friends. Moreover, Chin had the check certified by the bank. In *Hamburger Brothers & Co. v. Third National Bank & Trust Co.*, 333 Pa. 377, 384, 5 A.2d 87 (1939), our supreme court discussed the effect of certification of a check as follows:

> What is the effect of the certification of check? The answer is clearly set forth in the authorities. By such certification the bank becomes a direct obligor to the payee of the check. The transaction is the same as if the holder had received cash in payment and had then redeposited the money in the certifying bank to his own credit. The certification works an automatic transfer of the amount of the check from the account of the maker to the credit of the payee. It constitutes an absolute and unconditional engagement by the bank to make payment, not as if it were the debt of another, but as its own obligation. (citations omitted)

We also note the following definition of a certified check:

> A certified check is one drawn by a depositor upon funds to his credit in a bank which a proper officer of the bank certifies to be paid when duly presented for payment. In essence, when a check is certified, it is deemed to be charged to the account of the drawer; and the sum thus charged remains as a deposit to the credit of the check itself and is withdrawn from the control of the drawer, except as to the holder of the check ...
>
> In addition, a bank certifying a check charges or debits the account of the drawer at the time of certification and sets aside the funds out of the drawer's control to pay the check when presented.

*Bailey, Brady on Bank Checks*, 5th Ed.Sec. 10.1 (1979). Thus, by providing a check drawn upon the National Bank of North America which had been certified by an employee of that bank on September 15, 1986, Chin provided a guarantee to S.R. Friends that the funds to pay the check were

set aside by the bank and would thus be available when the check was presented for payment.[5]

Appellee, S.R. Friends, attempts to rely on the case of *Gehringer v. Real Estate Land Title & Trust Co.*, 321 Pa. 401, 184 A.2d 100 (1936) for the proposition that there is some conflict in Pennsylvania law as to the effect of certification of a check. We disagree. We do not find any conflict and we find, further, that *Gehringer* is inapplicable to the present case. In *Gehringer*, a purchaser of real estate delivered a certified check which, when presented by seller's agent for payment, was not paid because the bank upon which the check was drawn had become insolvent. Certainly, if the National Bank of North America had refused to honor the check it had certified for Chin on September 15, 1986, we could not find that Chin had made "payment" of the redemption amount. However, this is not what happened in this case. Even though the Provident National Bank in Philadelphia would not accept the certified check because of the correction in the amount, the record is devoid of any evidence to suggest that if it had accepted the check and had in turn presented the check to the National Bank of North America for payment, that the certified check would not have been paid. There is nothing in the record suggesting that this check was somehow fraudulent or that Chin did not have the funds available in the bank to pay the amount of the check on demand. On the contrary,

5. We note the decision of our supreme court in *Douglass v. Grace Building Co., Inc.*, 477 Pa. 289, 383 A.2d 937 (1978), which involved the interpretation of 72 Pa.C.S.A. § 5871o. This statute pertains to redemption of property sold by a county (as opposed to a municipality or city as in the instant case) at a tax sale. The court in *Douglass* held that "payment" under the redemption statute could be effected by tender of an *uncertified* personal check and that the county treasurer could not insist that payment be by cash, *certified* check or money order. The court determined that because a taxpayer's check might not clear until after redemption through no fault of the taxpayer, it is only necessary that a check is given to a treasurer on or before the redemption date. *Id.*, 477 Pa. at 296, 383 A.2d at 941. In this case, Chin presented a *certified* check on the redemption date and we believe this indicates that Chin made a good faith effort to effect payment of the redemption amount on that date and to bring this redemption process to an end.

the record supports the conclusion that Chin *did* have $55,000 because in exactly two days after the first certified check was refused, Chin tendered a second certified check for $55,000, payable directly to the order of Jerome J. Verlin, attorney for S.R. Friends, which was refused. Even though Chin was certainly aware that he had made a correction in the amount of the first certified check, once the bank had certified the check as it was written, there was no reason for him to believe that another bank would not accept the check for payment. If we were to hold that Chin cannot redeem this property because of the decision of the Provident Bank of Philadelphia not to accept his certified check, a decision over which Chin had no control and which was presumably based upon the internal policies of that bank, we would be thwarting the objective of the legislature when it enacted the redemption statute. To so hold would also be an injustice, especially in view of the years of litigation which Chin has endured in his effort to redeem this property. We therefore find that Chin complied with the order of the trial court which required payment of the redemption amount on or before September 15, 1986. We reverse the trial court's denial of Chin's petition to compel satisfaction of redemption and remand for further proceedings consistent with this opinion.

Jurisdiction is relinquished.