# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        :
              v.                        :    No. 68 C.D. 2019
                                        :    Submitted: January 31, 2020
Steve A. Frempong and                   :
Agnes Frempong,                         :
                        Appellants      :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  April 24, 2020**

Steve A. Frempong and Agnes Frempong (collectively, Appellants) appeal from the order of the Court of Common Pleas of Philadelphia County (trial court), dated December 13, 2018, which dismissed Appellants' petition to redeem premises (Petition). The Petition sought to redeem real property from a tax sale conducted pursuant to the Municipal Claims and Tax Liens Act (MCTLA).[1] For the following reasons, we will affirm the trial court's order.

On January 29, 2015, the City of Philadelphia (City) filed a tax petition against Appellants for unpaid real estate taxes relating to the property at 7500 North 21st Street in Philadelphia (property). On March 9, 2016, the trial court

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

entered a decree to sell the property at sheriff's sale.[2]  On December 19, 2017, GV Homes, Inc. (GV Homes) purchased the property at sheriff's sale for $66,000, and, on January 25, 2018, the sheriff acknowledged the deed transferring the property to GV Homes.  On October 17, 2018, Appellants filed the Petition that is the subject of this appeal.  The Petition invoked the statutory right of redemption contained in Section 32 of the MCTLA, 53 P.S. § 7293, which provides, in relevant part:

> (a) The owner of any property sold under a tax or municipal claim . . . may . . . redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

> (b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, *and his readiness to pay the redemption money*; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; *and if, upon hearing, the court shall be satisfied of the facts*, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

(Emphasis added.)

---

[2] Much of the procedural history of this matter concerns Appellants' challenges to the property's assessed value and the legality of the sheriff's sale.  We described that history in our unreported panel decision in *City of Philadelphia v. Frempong* (Pa. Cmwlth., No. 959 C.D. 2016, filed September 19, 2018), and we do not restate it here because it is not relevant to the issues on appeal.

The trial court scheduled a hearing on the Petition and issued a rule to show cause (to be served on the City, GV Homes, and the sheriff) why Appellants should not be entitled to redeem the property. The record reflects that only the City filed a written answer to the rule to show cause. Before the hearing, Appellants filed two additional motions. In the first motion, Appellants sought to strike the decree of sale and to set aside the sale (Motion to Strike). In the second, they sought to stay the redemption proceedings pending disposition of the Motion to Strike (Motion to Stay).

The trial court conducted a hearing on December 13, 2018. In response to a question from the trial court, counsel for GV Homes stated that the cost to redeem the property was "$68,837.50, plus [ten] percent." (Hr'g Tr. at 3.) Appellant Steve A. Frempong (Mr. Frempong) testified at the hearing that Appellants could pay the redemption price, stating that they "have the money" and "are ready to pay the money." (*Id.* at 4, 6.) When the trial court asked Appellants to produce further evidence of their ability to pay, such as bank statements, Mr. Frempong explained that Appellants had written a letter to the sheriff seeking $81,000 and had listed several properties they own for sale "to resolve [the issue of payment]." (*Id.*) Mr. Frempong admitted, however, that no determination had yet been made on the request to the sheriff and that the properties on the market had not yet been sold. (*Id.* at 5-6.) When the trial court asked what other evidence Appellants would be able to present if the hearing were continued, Mr. Frempong essentially admitted that he could produce no evidence beyond the letter to the sheriff, and he ultimately asked for "30 days . . . [to] produce the *money*." (*Id.* at 9 (emphasis added); *see id.* at 6-7.)

3

On the day of the hearing, the trial court denied the Petition. In its opinion filed pursuant to Pa. R.A.P. 1925(a), the trial court explained that it denied the Petition because it did not credit Mr. Frempong's testimony and there was no other evidence of Appellants' present readiness to pay. The trial court stated that it discredited Mr. Frempong's testimony based on (1) Appellants' past failures to pay property taxes, (2) Appellants' prior requests to proceed before the trial court *in forma pauperis*, and (3) the absence of any financial records showing that Appellants were prepared to pay for redemption at the time of the hearing.

Following the trial court's denial of the Petition, Appellants submitted a motion for reconsideration (Motion for Reconsideration) in which they discussed ongoing challenges to the taxes and sale and identified procedural issues at the hearing but offered no further evidence of their ability to pay. On December 31, 2018, the trial court denied the Motion for Reconsideration and the Motion to Stay. On January 10, 2019, Appellants filed the instant appeal. Thereafter, by order dated February 25, 2019, the trial court denied the Motion to Strike, and Appellants did not appeal that order.[3]

On appeal,[4] Appellants first argue that the trial court abused its discretion in denying the Petition based on its conclusion that they failed to demonstrate ability to pay. In support of this argument, Appellants essentially assert that GV Homes'

---

[3] We note that Appellants, in their notice of appeal, identify only the December 13, 2018 order, which addressed only the Petition. We will not, therefore, review the trial court's orders disposing of the Motion to Stay or Motion to Strike. *See Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 312 (Pa. Cmwlth.) (refusing to review orders not clearly identified in notice of appeal), *appeal denied*, 932 A.2d 1290 (Pa. 2007).

[4] "[O]ur scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Casaday v. Clearfield Cty. Tax Claim Bureau*, 627 A.2d 257, 258 (Pa. Cmwlth. 1993).

failure to state the redemption cost before the hearing somehow excuses their failure to demonstrate ability to pay, insisting that they "could not guess how much money to bring to [c]ourt." (Appellants' Br. at 12.) Appellants also claim that their prior *in forma pauperis* filings actually support their testimony at the hearing, rather than the trial court's conclusion that they were unable to pay, because the trial court rejected some of their attempts to proceed *in forma pauperis*, thereby essentially finding they had means to pay the costs of litigation in prior cases. In response, the City argues that the trial court properly denied the Petition because Appellants failed to demonstrate their ability to pay for redemption as required by the MCTLA.

Section 32(b) of the MCTLA provides that a court may grant a redemption petition only "if, upon hearing, [it] is satisfied of the facts" which the redemptor must prove under the statute. The facts of which the court must be satisfied "includ[e] facts demonstrating the [redemptor's] readiness to pay for the redemption." *City of Phila. v. Phila. Scrapyard Props., LLC*, 132 A.3d 1060, 1068 n.7 (Pa. Cmwlth. 2016) (*Phila. Scrapyard*). The redemptor bears the burden of proving readiness to pay, and if it fails to do so, the court properly denies the petition. *City of Phila. v. F.A. Realty Investors Corp.*, 146 A.3d 287, 299 (Pa. Cmwlth. 2016) (concluding that redemptor "failed to meet its burden to establish its readiness to pay the redemption cost"). The trial court has discretion to weigh the evidence presented and make credibility determinations. *Picknick v. Washington Cty. Tax Claim Bureau*, 936 A.2d 1209, 1212 n.1 (Pa. Cmwlth. 2007).

Appellants are correct that, without a statement from GV Homes of the redemption cost pursuant to Section 32(a) of the MCTLA, they could not know the precise amount to pay. Appellants could, however, have demonstrated their ability to pay *some* amount. Section 32(a) requires that they, as redemptors, pay the value

of the sale price at the sheriff's sale—in this case, $66,000—plus, essentially, GV Homes' costs and 10% interest annually, less any income GV Homes received from the property. Appellants at least knew the sheriff's sale price[5] and could have demonstrated their ability to pay some estimated amount based on that price. Had they done so, they may have been entitled to redeem at the estimated price.[6] Alternatively, upon learning the actual amount, they could have requested a continuance of the hearing to enable them to gather evidence of their ability to pay the precise redemption amount. Indeed, the trial court offered, *sua sponte*, such a continuance in this case.

Rather than proving that they could pay the known minimum amount or acting in good faith on the trial court's offer of a continuance, Appellants offered no evidence of their present ability to pay *any amount whatsoever*. They also admitted at the hearing, and they admit on appeal, that they were unable to pay for redemption at the time of the hearing and that they requested 30 additional days, not to produce

---

[5] Attached as Exhibit B to the Petition is an invoice from the Sheriff's Office of Philadelphia County stating a sale price of $66,000. (*See* Reproduced Record (R.R.) at 22a.)

[6] We have recognized that a purchaser's failure to state a precise redemption price will not deprive a redemptor of the right to redeem. In *City of Philadelphia v. Taylor*, 465 A.2d 33 (Pa. Super. 1983), the Pennsylvania Superior Court reviewed a common pleas court's decision granting a petition to redeem after the statutory time period had expired. The Superior Court remanded for consideration of whether the redemptor (as opposed to another party) was responsible for the delay. We later discussed the outcome of *Taylor*, stating:

> In remanding[, the Superior Court] noted that if the extensions of time were caused by the actions of [purchaser] in refusing to disclose to the [redemptor] the redemption amount . . . , then [purchaser] could not object to the delay in the redemption process that she herself had caused. Upon rehearing, the trial court found that the [purchaser] was the major contributor to the delay in the redemption process and ordered [her] to accept the sum of money tendered by the [redemptor]. [The Superior Court] affirmed the decision of the trial court.

*Phila. Scrapyard*, 132 A.3d at 1067 (quoting *City of Phila. v. Chin*, 535 A.2d 110, 113 (Pa. Super. 1987)).

6

*evidence*, but to "produce the *money*" and "to *pay*." (Hr'g Tr. at 9; Appellants' Br. at 36.) Appellants did not assert at the hearing (and they do not assert on appeal) that the stated redemption amount varied materially from an amount they were prepared to pay, necessitating additional payment arrangements. We note that our analysis in such a situation might differ. Instead, Appellants essentially admit that they came to the redemption hearing unprepared to pay any amount. The trial court, in an exercise of its discretion, discredited Appellants' bare assertions that they "have the money" and, finding no other evidence on which to rely, concluded that Appellants had failed to demonstrate their ability to pay. (Hr'g Tr. at 6-7.) The trial court did not, therefore, abuse its discretion in denying the Petition.

Concerning the trial court's reference to Appellants' petitions to proceed *in forma pauperis* in other matters, we note that "a court in appropriate circumstances may take judicial notice of court records." *Conchado v. Dep't of Transp., Bureau of Driver Licensing*, 941 A.2d 792, 794 (Pa. Cmwlth. 2008); *see also City of Phila. v. Frempong* (Pa. Cmwlth., No. 1115 C.D. 2018, filed August 20, 2019), slip op. at 6 n.5 ("We may take judicial notice of official court records and public documents, including the entries in a civil docket sheet.").[7] To exercise the right to proceed *in forma pauperis*, Appellants were required to aver in writing that they were "unable to obtain funds from anyone, including [their] family and associates, to pay the costs of litigation." Pa. R.C.P. No. 240(h). Thus, whether the trial court ultimately believed those averments, Appellants have admitted on numerous occasions that they could not pay even the costs of litigation. The trial court relied on those averments not as independent evidence but as a reason (among others) to disbelieve

---

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

7

Mr. Frempong's uncorroborated testimony. In making that credibility determination, the trial court did not abuse its discretion, and it did not err in essentially taking judicial notice of public court records relevant to its credibility determination.

Appellants argue further that the trial court committed errors of law in (1) allowing GV Homes' attorney to speak at the hearing when he had not entered an appearance, and GV Homes had not intervened or responded in writing to the Petition and Appellants' discovery requests; (2) failing to allow Appellants 30 to 60 days to pay for redemption; (3) denying the Petition even though Appellants have the statutory right to assign their property interest to a third party; and (4) using the MCTLA to transfer ownership of the property rather than to collect unpaid taxes. As we have discussed, however, the trial court determined that Appellants failed to satisfy a statutory requirement for redemption because they failed to offer credible evidence of their ability to pay any amount. On examining each of the claimed errors, we conclude that none of the alleged errors were involved in reaching the trial court's sound determination.

First, and as we have already made clear, GV Homes' statement of the precise redemption cost was not necessary for Appellants to demonstrate their readiness to pay the costs of redemption. Moreover, Appellants raised no objections at the hearing to GV Homes' participation or its conduct prior to the hearing. Thus, they waived any such objections. *See City of Phila. v. Rivera*, 171 A.3d 1, 6 (Pa. Cmwlth.), *appeal denied*, 176 A.3d 857 (Pa. 2017). Second, even if, as Appellants allege, the trial court typically allows a redemptor 30 to 60 additional days to make payment for redemption, the timing of actual payment does not diminish Appellants' statutory obligation to demonstrate *readiness* to pay at the time of the hearing.

8

Under Section 32(b) of the MCTLA, the trial court is to determine a redemptor's readiness to pay "upon hearing," not after some waiting period following the hearing. *See Phila. Scrapyard*, 132 A.3d at 1066 (noting that Section 32(b) of the MCTLA requires redemptor to begin redemption within statutory period by setting forth readiness to redeem as part of petition). Here, the trial court properly denied the Petition based on Appellants' failure to establish their ability to pay, so the trial court was never required to set any time period for payment.

Third, although Section 32 of the MCTLA allows an owner to assign its right of redemption, the assignee becomes the party entitled to petition for redemption and is, thus, responsible for demonstrating its ability to pay. Here, Appellants—not an assignee—filed the Petition, which the trial court denied because Appellants failed to demonstrate ability to pay. The potential for another outcome under a counterfactual assignment scenario does not excuse that failure. Finally, because we have concluded that the trial court acted within its discretion under Section 32 of the MCTLA, we cannot agree with Appellants that the trial court used the MCTLA for an unauthorized purpose.

For the foregoing reasons, we conclude that the trial court did not err or abuse its discretion in denying the Petition, and we affirm the trial court's order.

P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia           :
                                  :
            v.           :   No. 68 C.D. 2019
                                  :
Steve A. Frempong and    :
Agnes Frempong,         :
                Appellants   :

# **O R D E R**

AND NOW, this 24th day of April, 2020, the order of the Court of Common Pleas of Philadelphia County, dated December 13, 2018, is AFFIRMED.

P. KEVIN BROBSON, Judge