551 A.2d 1094

CITY OF PHILADELPHIA

v.

Michael KEILYK and Lorraine H/W Romaldo Ucciferri and Carmells H/W and Richard Drinkwater.

**Appeal of Theresa SALAMAN.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1988.

Filed Dec. 27, 1988.

Martin A. Ostrow, Philadelphia, for appellant.

Raymond Ruthrauff, Philadelphia, for Drinkwater, appellee.

Before CIRILLO, President Judge and WIEAND and McEWEN, JJ.

McEWEN, Judge:

We here consider an appeal from an order which granted the petition of Richard Drinkwater, (hereinafter appellee), for redemption of real estate sold at tax sale. The order directed Theresa Salaman, (hereinafter appellant), to convey to appellee a one-third interest in the real estate which appellant had purchased at a tax sale, upon payment by appellee of a sum equal to one-third of the sum paid by appellant to the sheriff to acquire the deed to the property. We are compelled to reverse since we find that an owner of an undivided fractional share of real estate may redeem the property only upon payment of the full redemption sum.

Appellee acquired an undivided one-third interest in the premises located at 832–34 South Second Street, Philadelphia, by deed dated November 6, 1981, and duly recorded in

the Philadelphia County Department of Records. The City of Philadelphia, by reason of delinquent taxes and charges, initiated proceedings to effect the tax sale of the said premises, as a result of which, pursuant to Court decree, the property was sold by the sheriff at a tax sale conducted on June 2, 1986. The property was purchased by appellant and the deed, dated October 6, 1986, recorded in the Philadelphia County Department of Records. Appellee thereafter filed, on October 6, 1987, a petition seeking the redemption of an undivided one-third interest in the premises upon payment of a sum equal to one-third of the total of the amount bid at sale plus all other sums specified by the redemption statute.

Section 7293 of the General Municipal Law of May 16, 1923, P.L. 207, § 32, as amended 53 P.S. § 7293, provides, *inter alia:*

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or *any party whose lien or estate has been discharged* thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefore, *upon payment of the amount bid at such sale;* the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within the year, one who was lower in lien may redeem from one

higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien, unless his claim is paid; but in each case the right must be exercised within the year.

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. § 7293(a), (b) (emphasis supplied).

All parties agree that appellee, as a fractional owner of the property, had an absolute right to redeem the real estate. Appellee, however, argues that he could properly redeem his one-third undivided interest in the property by payment of a sum equal to one-third of the total of the amount of the bid plus the sums specified by the redemption statute. Appellant contends, of course, that the property may only be redeemed in full by the payment of the entire amount of the price paid to the sheriff plus the further sums specified by the statute.

While the opinion of the eminent hearing judge reveals a careful and logical analysis, the applicable statute expressly provides that redemption may be accomplished only upon *"the payment of the amount bid at [the sheriff's] sale ...."* 53 P.S. § 7293(a). The statute, therefore, provides for redemption only upon payment of the full sum paid by the successful bidder, the appellant in the instant case.

■ Appellee argues that Section 7109 of the Act, 53 P.S. § 7109, which requires a municipality, proceeding upon a claim for taxes, to release the interest of a co-owner from the tax claim upon payment by the co-owner of the proportionate share of the taxes, interest and costs, authorizes, by implication, a partial redemption of realty sold at a tax sale. We find this argument unpersuasive. First, the right of a

partial owner of real estate to secure release from a tax claim by a municipality upon the payment of a proportionate share of the tax claim is a *pre-sale right* which is terminated by the tax sale of the property. Once the property has been sold, the purchaser has a vital interest which the law is obliged to observe, and the redemption statute, and not the Act, controls the procedure by which a pre-sale owner may reacquire ownership. Second, the declaration of the legislature that "payment of the amount bid" was a condition of redemption after the sale, while a proportionate payment would secure a release of the lien against a co-owner *prior* to the sale, underscores the quite deliberate intention of the legislature to require payment in full, even by a co-owner, prior to redemption.

The City urges us to consider the adverse consequences to tax sale procedures which would result were we to hold that a co-owner may redeem a property by payments of only a portion of the amount specified by the statute. We need not rely upon this argument since the express terms of the statute require payment of the full amount of the bid in order to redeem property sold at a tax sale. We, therefore, reverse the order which granted the petition of appellee for redemption of the property.

ORDER REVERSED. CASE REMANDED. JURISDICTION RELINQUISHED.