IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 2175 C.D. 2014
: Argued: October 6, 2015
Michael Lawrence and Marlene :
Johnson, :
Appellants :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI          FILED: October 28, 2015


        Michael Lawrence and Marlene Johnson (Petitioners) appeal from an
order of the Court of Common Pleas of Philadelphia County (trial court) denying
Petitioners' motion to set aside a sheriff's sale. For the reasons that follow, we
affirm.


        Since 2004, Petitioners were owners of property located at 301 N. 52nd
Street, Philadelphia, Pennsylvania. In June 2012, the City of Philadelphia (City)
filed a petition for rule to show cause why the property should not be sold pursuant

to Section 31.2 of the Municipal Claims and Tax Liens Law (Tax Liens Law), 53 P.S. §7283,[1] for nonpayment of taxes.

In July 2012, the trial court granted the petition upon Petitioners to show cause why a sheriff's sale of the property should not be permitted. The petition and rule were served upon Petitioners at the subject property via certified mail, return receipt requested, and by first-class mail with prepaid postage. The City filed an affidavit of service indicating that service by mail was accomplished on July 31, 2012. The petition and rule were also posted on the most public part of the subject premises on August 5, 2012, after which the City filed an affidavit of the posting on August 10, 2012.

Petitioners failed to file an answer to the City's petition on or before the rule returnable date, so the City consequently sought and obtained a decree authorizing a sheriff's sale of the subject property. On November 13, 2012, the City served Petitioners the decree and notice of a sheriff's sale, along with details of its time, place and date via first-class mail, postage prepaid, at the subject property. Following this, the City filed an affidavit of service for the mailing.

In December 2012, the property was sold at a sheriff's sale for $71,000.00 to Y.N.L.M.E., Inc. (Y.N.L.M.E.). In May 2013, the Sheriff's Department returned the writ and marked the lower court docket "Terms of Sale

---

[1] Act of May 16, 1923, P.L. 207, *added by* the Act of March 15, 1956, P.L. (1955) 1274, *as amended*, 53 P.S. §7283.

not Complied With." In June 2013, Y.N.L.M.E. assigned the subject property to Tycoon Investments, Inc. (Purchaser).

However, on July 9, 2013, a proposed installment payment plan for the delinquent real estate taxes was generated and mailed by the City's counsel at the request of Ms. Johnson. Shortly thereafter, the Sheriff's Department advised the City's counsel that the May 2013 docket entry was made in error and that the sale had been completed; however, the docket never changed. As a result, the proposed installment payment plan was not signed by the City, and two checks sent by Ms. Johnson dated July 27, 2013, were voided and returned to her. The City's counsel then informed Petitioners that the sale of the property was valid. The sheriff's deed for the subject property was acknowledged on July 16, 2013, and recorded on September 13, 2013.

On July 21, 2014, Petitioners filed a motion to set aside the sheriff's sale, averring that they never received actual notice of the tax lien or the sheriff's sale as service only by regular mail is not sufficient pursuant to Section 39.2 of the Tax Liens Law, 53 P.S. §7193.2,[2] and also that the sale was not complied with. The City opposed the motion, arguing that the motion was untimely, that the City complied with the service requirements of the Tax Liens Law, that the delinquent taxes remained due and unpaid, that a new deed was acknowledged, and that the tax sale was proper. Subsequently, Purchaser filed a petition for leave to intervene

---

[2] Act of May 16, 1923, P.L. 207, *added by* the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. §7193.2.

3

as a third-party purchaser of the subject property, claiming that the subject property was sold to Purchaser's assignor on December 12, 2012, that Purchaser settled its bid on July 9, 2013, and that Purchaser had not been served with the petition to set aside until August 4, 2014, entitling Purchaser to intervene as the purchaser and owner of the subject property pursuant to Pa. R.C.P. No. 2327.

The trial court granted Purchaser's motion to intervene. Purchaser then filed an opposition to the motion to set aside, denying Petitioners' averments and arguing that the petition is untimely and that the Purchaser had been properly assigned the bid, for which it paid full purchase price.

At the hearing on the merits of the motion to set aside, Petitioners chose not to present any testimony and, instead, elected to submit into evidence only the documents attached as exhibits to their motion.[3] Petitioners' counsel at the hearing testified that, "We're not specifically attacking the service issue, our focus is that lack of sale issue,"[4] referring to the lower court docket "Terms of Sale

___

[3] The attached exhibits include: a copy of the City's Department of Revenue's tax payment due, addressed to Mr. Lawrence, dated 6/26/2013; sheriff's department's notes to Petitioners regarding the subject property, including information regarding the tax lien; a screenshot of the City's website showing Purchaser as the owners of the subject property, with the sale date as 7/16/2013; copies of Certifications of Compliance from the sheriff's department conveying/assigning the deed to Purchaser; copies of receipts of the sheriff's sale of the subject property and a check for $64,085.00 dated 6/27/2013; a copy of the letter from the City's counsel to Ms. Johnson regarding the installment payment plan dated 7/9/2013, the payment plan and voided checks from Ms. Johnson; a copy of the petition for rule to show cause and the rule; an affidavit of service dated November 13, 2012, for service of the decree and notice of the sheriff's sale; and Petitioners' Tax Information Certificate.

[4] (Reproduced Record (RR) 114a.)

4

not Complied With" and the subsequent negotiations leading up to the repayment plan which was cancelled when the Sheriff's Department notified counsel for the City that the docket entry was made in error.

The trial court denied their motion to set aside, Petitioners filed their notice of appeal and the trial court issued an order directing Petitioners to file a 1925(b) Statement. In Petitioners' 1925(b) Statement, they argued that the trial court erred as a matter of law and committed an abuse of discretion in denying their motion given the facts that: the auction failed and the property was not sold; the deed was invalid and did not transfer title; the Sheriff's Department and Y.N.L.M.E. committed numerous violations that voided the sheriff's auction; the City entered into a repayment agreement with Petitioners and accepted payments; the sale did not comply with notice requirements; Petitioners relied upon material misrepresentations of the Sheriff's Department; and Y.N.L.M.E. lacked clean hands under the principles of equity and equitable estoppels.

In her opinion, the trial court judge stated that she denied the motion to set aside the sale because Section 39.3 of the Tax Liens Law, 53 P.S. §7193.3,[5] requires the filing of the petition to be within three months of the acknowledgment of the sheriff's deed, and while the deed was acknowledged on July 16, 2013, and recorded on September 13, 2013, and Petitioners were informed by the City that the sale had been completed, did not file their motion for approximately one year

---

[5] Act of May 16, 1923, P.L. 207, *added by* the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. §7193.3.

and five days after acknowledgement of the deed. Nonetheless, the trial court went on to address the issue regarding whether Petitioners were properly given notice of the sale, finding that the City's notice properly complied with Section 39.3 of the Tax Liens Law as there were postings on the premises as well as notice by first-class mail. Lastly, the trial court found that nothing on the record shows that the City acted with unclean hands.

On appeal,[6] Petitioners again contend that the sheriff's sale was defective and, thus, the subject property was not sold as evidenced by the sheriff's returning writ as non-compliant. They argue that because the subject property never sold, Y.N.L.M.E. never acquired full title and did not have the right to assign title or its bid to Purchaser, rendering the sheriff's deed invalid.

The Tax Liens Law governs the sales of real property pursuant to tax liens. Section 39.3 of the Tax Liens Law provides:

> All parties wishing to contest the validity of any sale conducted pursuant to [S]ection 31.2 [of the Tax Liens Law, 53 P.S. §7283], including the sufficiency of any notice, and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the

---

[6] Our scope of review of an order denying a petition to set aside a tax sale of real property is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. *McElvenny v. Bucks County Tax Claim Bureau*, 804 A.2d 719 (Pa. Cmwlth. 2002), *appeal denied*, 819 A.2d 549 (Pa. 2003).

interest *within three months of the acknowledgment of the deed* to the premises by the sheriff.[7]

53 P.S. §7193.3 (emphasis added). A deed must be acknowledged by the sheriff before it can be recorded. *First Union National Bank v. Diamonds and Gold, Inc.,* 850 A.2d 642 (Pa. Super. 2004).

Here, the sheriff's deed for the subject property was acknowledged on July 16, 2013, and recorded on September 13, 2013. Petitioners did not file their motion to set aside until July 21, 2014, which is more than a year after the deed was acknowledged. Even if, as Petitioners claimed, they did not receive the notice of the petition to show cause why a sheriff's sale should not be permitted or the rule or the subsequent notice of the sale of the property, Petitioners still were informed that a sale was valid by the City's counsel on or shortly after July 27, 2013, after Ms. Johnson sent payment pursuant to the installment payment plan

---

[7] Acknowledgement of a deed occurs when the grantor(s) or bargainer(s) named in the deed takes an oath that they are conveying the property. Section 2 of Act of May 28, 1715, 1 Sm.L. 94, *as amended*, 21 P.S. §42. Regarding proof of acknowledgment in sheriff sales, the statute provides:

> The certificate of the prothonotary of any court of this commonwealth to an acknowledgement of a sheriff's deed, heretofore made, although not under seal of office, shall be sufficient evidence of such acknowledgement, notwithstanding no other record was made thereof at the time of such acknowledgement: Provided, That the provisions of this section shall not be construed to affect any bona fide holder or purchaser, who had neither actual or constructive notice of the execution of such sheriff's deed.

Section 1 of Act of April 4, 1844, P.L. 188, *as amended*, 21 P.S. §47.

and the checks were voided and returned to her with the explanation that the installment plan had been cancelled because the sale was valid. Despite this, Petitioners did not contest the validity of the sale for nearly a year later and were well outside of the three month timeframe allotted to contest the validity of the sale pursuant to Section 39.3 of the Tax Liens Law.[8]

Accordingly, we affirm the trial court's order.

_____
DAN PELLEGRINI, President Judge

---

[8] Based on our disposition of this issue, we will not address whether the sheriff's sale was invalid due to a defect in service pursuant to Section 39.2(a) of the Tax Liens Law, 53 P.S. §7193.2(a), or Petitioners' remaining contentions that the City acted with unclean hands and that this Court should exercise its equitable discretion and apply the Tax Liens Law's redemption provision pursuant to Section 32 of the Tax Liens Law, 53 P.S. §7293, extending the statutory deadline and allowing Petitioners to redeem the subject property.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 2175 C.D. 2014
:
Michael Lawrence and Marlene :
Johnson, :
Appellants :

# **O R D E R**

AND NOW, this 28th day of October, 2015, the order of the Court of Common Pleas of Philadelphia County dated October 29, 2014, at No. 1206T0207, is affirmed.

_____
DAN PELLEGRINI, President Judge