IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                          :
                                              :
            v.                                :
                                              :
Denise Hawkins                                :
                                              :    No. 2555 C.D. 2015
Appeal of:  Rupali P. Singhal                 :    Submitted: November 10, 2016


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                    FILED:  March 29, 2017


        Rupali P. Singhal (Appellant), representing himself, appeals from the
November 18, 2015 order of the Court of Common Pleas of Philadelphia County
(trial court) directing Appellant to convey the property at 3113 North Pennock
Street, Philadelphia, Pennsylvania 19132 (Property) to Denise Hawkins (Appellee)
upon payment of the redemption amount.  Upon review, we affirm the trial court.

## I.  Background

        Appellee is the owner of the Property.  Reproduced Record (R.R.),
Item IV at 22-24.  On February 12, 2014, the City of Philadelphia (City)
commenced a real estate tax lien action against Appellee on the Property by filing
a petition for rule to show cause why the Property should not be sold free and clear
of all liens and encumbrances for delinquent taxes due and owing on the Property.

R.R., Item I at 1, Docket Entry 1; R.R., Item IV at 30, ¶9. On May 28, 2014, the trial court signed a decree of sheriff's sale for the Property, and docketed it on June 24, 2014. R.R., Item II. On November 18, 2014, Appellant purchased the Property at sheriff's sale for $12,100.00, which was acknowledged by a sheriff's deed on January 7, 2015. R.R., Item IV at 22-26.

On October 5, 2015, Appellee filed a petition to redeem (redemption petition) pursuant to Section 32 of the Municipal Claims and Tax Liens Act (MCTLA).[1] R.R., Item III at 6, 10-11. The City filed an answer to the redemption petition. R.R., Item V at 27, 29-32. Appellant also filed an answer to the redemption petition, but did not request or obtain intervenor status on the record. R.R., Item VI at 39-40. After a hearing,[2] the trial court granted Appellee's redemption petition. R.R., Item VIII at 57. Appellant filed a petition for reconsideration, which the trial court denied. R.R., Items IX at 59-60, X at 68, respectively. Thereafter, Appellant appealed on the merits to this Court. R.R., Item XI at 69-77. The trial court filed its Pennsylvania Rule of Appellate Procedure 1925(a) opinion on February 8, 2016, in support of its order granting the redemption petition.[3] R.R., Item XIV at 82-85.

---

[1] Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §7293.

[2] Court of Common Pleas of Philadelphia County, the Honorable Linda Carpenter, presiding.

[3] Although Appellant neither officially requested, nor obtained intervenor status on the record, the trial court addressed the 1925(a) opinion to both the City and Appellant. Reproduced Record (R.R.), Item XIV at 82-83, 85.

2

## II. Issues

On appeal, [4] Appellant argues Appellee did not complete the redemption process on time. Appellant also argues that if redemption by Appellee succeeds, she must make Appellant whole, by placing him in the same financial position he occupied prior to the tax lien sale, to include interest and costs. Finally, Appellant argues Appellee's *in forma pauperis* (IFP) filing precluded her from redemption.

## III. Discussion

Section 32(a) of the MCTLA, governing the requirements and procedure for a redemption petition, states in pertinent part:

> (a) The owner of any property sold under a tax or municipal claim … whose lien or estate has been discharged thereby, may … redeem the same at any time within nine months from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments.

53 P.S. §7293(a).

---

[4] Our review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. City of Allentown v. Kauth, 874 A.2d 164 (Pa. Cmwlth. 2005).

3

The purpose of a sheriff's sale under the MCTLA "is not to strip the [property] owner of his or her property but to collect municipal claims." City of Philadelphia v. F.A. Realty Investors Corp., 95 A.3d 377, 384 (Pa. Cmwlth. 2014) (citing City of Philadelphia v. Manu, 76 A.3d 601, 606 (Pa. Cmwlth. 2013)). To this end, Section 32(a) of the MCTLA provides for redemption of the property by the owner. To redeem a property sold at a tax sale, the property owner must exercise the right of redemption within nine months from the date of acknowledgment of the sheriff's deed by filing a redemption petition pursuant to Section 32(b) of the MCTLA.[5] In re Gonzalez, 550 B.R. 711 (Bankr. E.D. Pa. 2016). The property owner must pay the tax sale purchaser the amount bid at the sale, plus certain other amounts designated by the MCTLA. Id.

However, the time restriction of nine months from the date of the acknowledgement of the sheriff's deed found in Section 32(a) does not mandate the owner complete all acts of redemption, including final payment of the redemption money, within the nine-month period of filing the initial petition to redeem. City of Philadelphia v. Philadelphia Scrapyard Properties, LLC, 132 A.3d 1060 (Pa. Cmwlth. 2016). Rather, Section 32(a) of the MCTLA only requires the redemption process begin within the nine-month period by filing the redemption

---

[5] Section 32(b) of the MCTLA provides:

> (b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. §7293(b).

4

petition in the proper court, setting forth the facts along with his or her readiness to redeem. Id.

> Since the purpose of sheriff's sales under [the MCTLA] is to collect delinquent taxes and not to strip owners of their property, [the MCTLA] must be construed to allow debtors the ability to file a [redemption petition for the] premises at any time so long as it is filed within nine months after the sheriff's deed has been acknowledged (emphasis omitted).

F.A. Realty Investors Corp., 95 A.3d at 387. "The mechanical process for delivery of the [redemption amount designated by the MCTLA], and the restoration of the owner's title is subject to the control of the court after the [r]edemption [p]etition has been filed and the court has determined the owner's eligibility to exercise the right of redemption." In re Gonzalez, 550 B.R. at 716 (internal citation omitted). Consequently, "the actual payment of the [r]edemption [a]mount may be made after the expiration of the nine (9) month statutory redemption deadline; it is the [r]edemption [p]etition that must be filed before the deadline." Id. (emphasis added).

Here, the trial court's findings regarding Appellee's timely filing of her redemption petition are supported by substantial, competent evidence in the record. Appellant asserts Appellee did not complete the redemption process by October 6, 2015, or within the nine-month time frame allowed by the MCTLA.

At the outset, the record evidences the tax sale deed was acknowledged on January 8, 2015, not January 7, 2015, as asserted by Appellant. R.R., Item IV at 24. Consequently, the redemption period expired on October 8, 2015, not October 6, 2015 as asserted by Appellant. See also Pa. R.C.P. No. 108 (relating to the computation of time). Appellee filed her redemption petition on October 5, 2015, or three days before the expiration of the redemption period.

5

R.R., Item II, at No. 7; R.R., Item VII, at 5. The trial court properly found Appellee timely filed her redemption petition, and thereby, properly exercised her redemption right within the nine-month time period required in Section 32 of the MCTLA. Thus, Appellee's timely filing of her redemption petition began the redemption process. Philadelphia Scrapyard Properties, LLC.

In arguing Appellee did not complete the redemption process within nine months from the date of acknowledgement of the deed, Appellant asserts Appellee did not pay the full redemption amount within that nine-month redemption period. Thus, Appellant asserts the trial court erred in granting Appellee's redemption petition.

Appellant relies on the holding in City of Philadelphia v. Keilyk, 551 A.2d 1094 (Pa. Super. 1988) to support his argument that Appellee cannot exercise and complete her redemption right under the MCTLA until she tendered the full redemption amount within nine months from the date of acknowledgment of the deed. In Keilyk, the Superior Court set down the payment requirement for accomplishing redemption, only upon "payment of the amount bid at [the sheriff's] sale….[the MCTLA], therefore, provides for redemption only upon payment of the full sum paid by the successful bidder." Id. at 1096.

In Keilyk, the debtor only held a one-third ownership in the property prior to the tax sale and sought to redeem the property by paying one-third of the redemption money. The city urged the court to consider the adverse consequences that would result by permitting redemption upon payment of only a portion of the full redemption amount required by the MCTLA. The Superior Court, however, did not consider this argument, "since the express terms of the statute require payment of the full amount of the bid in order to redeem property sold at tax sale."

6

Id.  Thus, the issue in Keilyk was not about the timing of the payment when a petition to redeem was decided, but rather the issue was the requirement that the entire redemption amount must be paid, not an amount proportional to the petitioner's interest in the property.

Here, the MCTLA does not mandate the Property owner complete all acts of redemption, including final payment of the redemption money, within the nine-month period of filing the initial petition to redeem.  Rather the relevance of the MCTLA here is that it requires the redemption process begin within the nine-month period.  Philadelphia Scrapyard Properties, LLC.  Appellee began redemption within the prescribed time.

Appellant next argues the only way the full redemption amount is paid is by making Appellant whole by placing him in the same financial position he occupied prior to the tax lien sale, to include interest and costs.

The trial court's order directed conveyance of the Property to Appellee "upon payment of the redemption amount of $13,048.38 as of [November 18, 2015].  Should payment not be paid today [November 18, 2015], the calculation of interest shall continue to accrue."  R.R., Item VIII.  The trial court's order required Appellee to pay the full redemption amount before she could redeem the Property and acquire title.  The order also required that interest continue accruing until such time as Appellee paid the full redemption amount.  53 P.S. §7293(a); In re Gonzalez.

Here, Appellant claims interest calculations made by Appellee and ordered by the trial court are inconsistent with the amount of interest due and owing on the redemption under the MCTLA.  Consequently, Appellant contends he was not placed in the same financial position he occupied prior to the tax lien

7

sale, therefore Appellee failed to properly exercise her right of redemption under the MCTLA because she did not offer the full amount "as required by the statute permitting redemption." Pet'r's Br. at 9.

Appellant asserts as follows. He purchased the property at a sheriff's sale on November 18, 2014, for $12,100.00. At that time, he placed a $2,000.00 down payment with the sheriff and owed $10,100.00, which he paid on December 16, 2015.[6] Thereafter, Appellee redeemed the property on November 18, 2015, exactly one year later. Appellant claims that, in order to redeem the property, Appellee was required to pay the purchase price of $12,100.00 plus interest, from the date of the deed acknowledgement until the date of redemption. According to Appellant, the amount of interest owed to him is $1,125.83.[7] In addition, Appellant asserts he was entitled to $50.00 for "the license." R.R., Item VII, at 8; Item IX at 59. Appellant also asserts Appellee is responsible for "all the closing costs including transfer taxes, utility bills, real estate taxes and deed preparation fee, etc. to make [Appellant] whole." Pet'r's Br. at 18. Thus, Appellant asserts the redemption amount was $13,275.83,[8] rather than the $13,048.38 Appellee paid and therefore, anything less is tantamount to a failure by Appellee to complete the redemption process on time.

---

[6] The record does not explain why Appellant was permitted to pay the remaining balance after Appellee filed her redemption petition. Appellee, however, does not argue Appellant did not pay the full purchase price.

[7] Appellant's interest calculation is as follows: $2,000.00 (Property down payment) x 10% (monthly interest) x 12 (months) = $200.00 interest on the $2,000.00 down payment; $10,100.00 (Property purchase balance paid on 12/16/15) x 10% (monthly interest) x 11 (months) = $925.83. Thus, Appellant's overall interest calculation on the Property purchase is $1,125.83.

[8] $12,100 (Property purchase price) + $1,175.83 (total interest and license).

Pursuant to Section 32 of the MCTLA, in order for Appellee to redeem the Property, she was required to pay the price Appellant paid for the Property at the tax lien sale ($12,100.00), plus interest on the price paid from the date the sheriff's deed was acknowledged, (January 8, 2015) to the date of the petition (October 5, 2015) at the rate of "ten per centum per annum." 53 P.S. §7293(a).

Here, interest of ten percent on $12,100.00 increased daily at the rate of $3.315068 a day.[9] There were 270 days between January 8, 2015 and October 5, 2015. Thus, interest of ten percent on the redemption amount of $12,100.00 amounted to $895.07.[10]

In accordance with Section 32(b) of the MCTLA, a petitioner may redeem property if, after hearing, the trial court is satisfied of the facts in the petition, including facts demonstrating the petitioner's readiness to pay for the redemption. See City of Philadelphia v. Frempong, (Pa. Cmwlth. No. 2380 C.D. 2013, filed November 12, 2014) 2014 WL 10298870 (unreported); see also F.A. Realty Investors Corp., 95 A.3d at 380 (stating that section 32(b) of MCTLA requires the property owner to 'set forth facts warranting redemption and his readiness to pay the redemption money' (quoting trial court)).

At the hearing, the trial court questioned Appellee as to proof of readiness to pay for Property redemption pursuant to the MCTLA:

THE COURT: So we're now at the redemption petition itself.

---

[9] Calculated as ($12,100 x .1)/365.

[10] Calculated as 270 (days between deed acknowledgement and redemption petition) x $3.315068/day = $895.06836 ($895.07 rounded).

9

[Appellee's Counsel] MS. NYLUND: As Your Honor stated, we filed within the redemption period. [Appellee] is ready and willing to pay, not just the amount bid, but the interest rate from the date of sheriff sale. The sheriff's sale … was exactly one year from today's date, November 18, 2014. Ten percent through today's date would be … $12, 265 –

THE COURT: Are you saying you have checks here ready to go?

MR. SINGHAL [Appellant]: [$]12,100 of purchase price. Upon the interest from that is [$]1,210. And I also paid $50 for license.

THE COURT: All right. Well, what I can say – did you have a proposed order?

MS. NYLUND: I did, yes.

[City's Counsel] MS. SCHLEICHTER: [$]13,250.

THE COURT: All right. So the redemption amount is – you have a check for how much today?

MS. NYLUND: So I got three checks here. $12,500. Whether or not interest runs through the date the motion was filed or today's date, I'm not sure.

THE COURT: What's the difference are we talking about?

MS. NYLUND: It's like –

THE COURT: [$]12,500. If the interested [sic] was to run through today's date, than [sic] it would be $12,765.38.

THE COURT: Okay.

MS. SCHLEICHTER: I don't think that's right. It was one year. A simple 10 percent on [$]12,100 would be [$]1,210, would be interest.

THE COURT: What's the difference? What are you guys –

10

MS. NYLUND:  So the sheriff sale was November 18, 2014. [the MCTLA] says 10 percent runs form [sic] the date of acknowledgment.

THE COURT:  Which was in January.

MS. NYLUND:  Which was in January.  So that's not one year.

THE COURT:  So it's not one year.  Date of acknowledgment.  So you've done the math?

MS. NYLUND:  Yes.

THE COURT:  So you're saying January through today brings you up to $2,765.38 and that there is a check here right now for that amount, plus $50.

MS. NYLUND:  Yes – well, plus $70.[11]

MR. SINGHAL:  Judge, interest is $100 a month on 10 months.  It's $1,000.

THE COURT:  You're going to each write your calculations down and give them to me.  I'm not going to have an argument back and forth.  You write your interest calculations.  And I am not going to do the math problem sitting up here on the bench.  It's unfair for either of you to ask me to do that.  You're meant to do your calculations and give them to me and then I will look at your calculations just like when you had the little math problems, and I'll look to see who's math is correct.  But we're not going to have an argument and take up everybody's time.

…

THE COURT:  So the amount is going to be $70 dollars, plus whatever the proper interest is on [$]12,500.  If you got

---

[11] Appellee's Counsel referred to "plus $70," without identifying the specific purpose of this amount.  Appellee avers she is ready, willing and able to pay "other amounts" due under the MCTLA.  See e.g., R.R., Item III at 11, ¶5.  Appellant asserts he paid $50 for "the license."  See e.g., R.R., Item IX at 59.

There is nothing in the record regarding either of these amounts.

that amount right here today, I will order that the deed is to be conveyed today. So you guys are going to talk, maybe make an agreement, and go out in the hallway. (Emphasis added.)

R.R., Item VII at 52-55; see also R.R., Item VII at 7-10.

The record evidenced the trial court's satisfaction of the facts in the petition, including facts demonstrating the petitioner's readiness to pay for the redemption. F.A. Realty Investors Corp.; Frempong; see also Philadelphia Scrapyard Prop., LLC, (court affirmed the calculation of interest due from date of acknowledgement and construed the MCTLA to preclude manipulation by third party buyer that would increase interest due).

To the extent Appellant asserts the trial court erred in finding the redemption process made Appellant whole, by placing him in the same financial position he occupied prior to the tax lien sale, such findings are within the sole province of the trial court and cannot be disturbed on appeal absent an abuse of discretion, or a decision which lacked supporting evidence, or where the trial court clearly erred as a matter of law. City of Allentown.

Upon review, we conclude the trial court's findings are supported by substantial competent evidence. Appellee demonstrated she was ready, willing and able to pay the full redemption amount of $13,048.38[12] at the time of redemption purchase, as ordered by the court. The trial court, satisfied of the facts in the redemption petition, granted redemption. F.A. Realty Investors Corp.; Frempong.

---

[12] Calculated as $12,100.00 (Property purchase price) + $895.07 (interest) (see note 11 herein) + $50 ("the license") = $13,045.07. The additional $3.31 awarded is most likely attributable to the rounding of the daily interest amount to $3.32/day (see note 10 herein).

12

Thus, we are satisfied the trial court did not err in concluding Appellee tendered full redemption payment under the MCTLA, thereby making Appellant whole by placing him in the same financial position he occupied prior to the tax lien sale.

Appellant next argues Appellee's IFP filing precluded her from redemption. Appellant contends that even though Appellee had funds to pay the redemption amount, "not having money to pay the court costs [because of her IFP status] are inconsistent to say the least." R.R., Item XII at 78, ¶2.

Rule 240 of the Pennsylvania Rules of Civil Procedure quite clearly addresses the entitlement of a party who is without financial resources to proceed IFP and the manner in which a party must request such status:

> (d)(1) If the party is represented by an attorney, the prothonotary shall allow the party to proceed [IFP] upon the filing of a praecipe which contains certification by the attorney that he or she is providing free legal service to the party and believes the party is unable to pay the costs.

Pa. R.C.P. No. 240(d)(1).

In considering a party's petition and affidavit to proceed IFP, a court examines a multitude of factors, including debts and obligations. Pa. R.C.P. No. 230(h)(3)(f). The court, however, does not require that a party be penniless in order to proceed IFP, only that the party may not have the funds necessary to pay fees, after accounting for such basic needs including food, clothing and housing. Leave to proceed IFP is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper." Ward v. Werner, 61 F.R.D. 639, 640 (M.D. Pa. 1974). Poverty sufficient to qualify for IFP status does not require penniless destitution. Walters v. Belleville Commons Stanford Mgmt., LLC,

13

(M.D. Pa. No. 1:08-CV-01800 filed, September 30, 2008) 2008 WL 4462085 (unreported).

When represented by counsel, Pa. R.C.P. No. 240(d) permits a party to proceed IFP upon the filing of a praecipe as set forth in the rule, providing the attorney believes the party is unable to pay the costs and that counsel is providing free legal services. Once IFP is granted, Rule 240(f)(1) exempts a party permitted to proceed IFP from payment of *any* cost or fee imposed. "A party permitted to proceed [IFP] shall not be required to…pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court or prothonotary or any public officer or employee…" Pa. R.C.P. No. 249(f)(1).

Here, Appellee filed a praecipe to proceed IFP. R.R., Item III at 7. The court granted IFP status to Appellee. See R.R., Item I at 2, Docket Entry 10; R.R., Item XIV at 83. As identified by the trial court in its opinion, "[this court] was not the issuing authority of the [IFP] status and, thus, cannot be meant to take such status into its own findings." Id. at 85; see generally, Commonwealth v. Torres, 764 A.2d 532 (Pa. 2001) (the reviewing court must accord deference to the issuing authority's determination). Further, we note Appellant did not challenge Appellee's IFP status, but only questioned her ability to redeem the Property because her IFP status exempted her from paying the costs associated with redemption.

To the extent Appellant asserts the trial court erred in determining IFP status precluded her from redemption, such findings are within the sole province of the trial court and cannot be disturbed on appeal absent an abuse of discretion, a decision which lacked supporting evidence, or where the trial court clearly erred as a matter of law. Torres; City of Allentown.

14

Upon review, we conclude the trial court's findings are supported by substantial competent evidence. Appellee clearly demonstrated her IFP status, which was never contested before the issuing court. The trial court, satisfied of Appellee's poverty sufficient to qualify for IFP status, granted redemption. <u>Ward</u>; <u>Walters</u>.

## IV. Conclusion

In sum, the trial court's findings are supported by substantial evidence. The trial court properly determined Appellee's timely exercise of her right of redemption, calculation of the redemption amount and grant of the Property to Appellee via redemption. Accordingly, we affirm.

_____

JOSEPH M. COSGROVE, Judge

15

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                     :
                                         :
             v.                          :
                                         :
Denise Hawkins                           :
                                         :   No. 2555 C.D. 2015
Appeal of:  Rupali P. Singhal            :

## O R D E R

AND NOW, this 29th day of March, 2017, the order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
JOSEPH M. COSGROVE, Judge